UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JORGE R. BLACKMORE GOMEZ,

        Plaintiff,

                              3:13-cv-00161-ST

    v.

                              OPINION AND ORDER

MARK H. HARDIE, *et al*,

        Defendants.

STEWART, Magistrate Judge:

This Court appointed Jon W. Monson as *pro bono* counsel for plaintiff, Jorge Gomez, for the limited purpose of filing an Amended Complaint. Now that the Amended Complaint has been filed, Mr. Monson has filed a Motion for Reimbursement of Out-of-Pocket Expenses in the sum of $1,095.75. That sum includes $171.80 for copying costs and $922.89 for "other" costs which consist of $1.06 for postage and $922.89 for computer legal research. The motion is submitted pursuant to the Pro Bono Program Procedures which provide in relevant part as follows:

> If an appointed attorney/law firm accepts representation and incurs costs that are not recoverable from the opposing party (e.g., copy costs, transcript costs, travel expenses, telephone charges, etc.), a Motion for Reimbursement of Out-of-Pocket Expenses may be filed. The maximum amount for reimbursement of out-of-pocket expenses is $3,000.00 per case. When an Order Granting Motion for Out-of-Pocket expenses is issued, a copy is sent to the Attorney Admissions Fund group for reimbursement.

1 – OPINION AND ORDER

By accepting an appointment from the Court to represent an indigent litigant, *pro bono* counsel expects that, win or lose, he or she will provide legal representation at no charge to that litigant and the Court. However, if the litigant becomes the prevailing party, then *pro bono* counsel may obtain reimbursement from the opposing party for time incurred through an attorney fee award under a fee-shifting statute, such as 42 USC § 1988, and for taxable costs under 28 USC § 1920. Otherwise, *pro bono* counsel accepts the financial burden of representing the litigant, regardless of the outcome.

This Court has recognized that the financial burden to *pro bono* counsel may deter many lawyers from accepting an appointment by the Court, especially for sole practitioners or small firms. Therefore, as an inducement to participate in the Pro Bono Program, the Court has authorized reimbursement to *pro bono* counsel for out-of-pocket expenses in some situations. Such expenses include: (1) those incurred to investigate the claims and defenses in order to determine if representation can be accepted;[1] and (2) those which are never recoverable from the opposing party even when the client is the prevailing party, such as expert witness fees.

What out-of-pocket expenses should be reimbursed to *pro bono* counsel becomes complicated when, as here, the appointment is not an All Purpose Appointment, but is a Specific Purpose Appointment. In that event, no opportunity exists for *pro bono* counsel to recover taxable costs should the client become the prevailing party. On the other hand, the costs incurred by *pro bono* counsel should be fewer for a Specific Purpose Appointment, thus reducing the need for reimbursement by the Court. When the Pro

---

[1] According to the initial Pro Bono Program Procedures, the Court appointed *pro bono* counsel to investigate the claims and/or defenses and then either accept or reject representation. The procedures were later revised and now allow either an All Purpose Appointment or a Specific Purpose Appointment for such purposes as conducting a review and investigating claims and/or defenses, filing an amended pleading, or mediation.

2 – OPINION AND ORDER

Bono Program Procedures were revised to allow a Specific Purpose Appointment, such as filing an amended complaint, it did not address any commensurate change that might be required in defining what costs may be reimbursable for such an appointment.

The issue is further complicated for the cost of computer legal research which is not taxable under 28 USC § 1920, but may properly be part of an attorney fee award. Certain out-of-pocket expenses that cannot be taxed as costs under 28 USC § 1920 are nonetheless compensable under certain fee-shifting statutes awarding attorney fees to a prevailing party "since they are typically charged to paying clients by private attorneys." *Davis v. City of San Francisco*, 976 F3d 1536, 1556 (9th Cir 1992). Such expenses include computer legal research "if separate billing for such expenses is 'the prevailing practice in the local community.'" *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F3d 1253, 1258-59 (9th Cir 2006) (citation omitted). Thus, if *pro bono* counsel had been appointed to represent Gomez for All Purposes and should Gomez ultimately prevail, then his *pro bono* counsel could recover the cost of computer legal research from the opposing party, assuming that the prevailing practice in Portland is to separately bill such expenses to clients, and not be entitled to reimbursement from the Court.

Mr. Jonson has provided no evidence that it is the prevailing practice in the Portland legal community to bill computer legal research to clients separately from hourly rates. Many firms pay a flat monthly rate for these services as part of the overhead in lieu of charging clients separately on a "per search basis." However, even if the prevailing practice in the Portland legal community is to bill computer legal research costs to clients and not include them in the firm's general overhead, this Court is not

persuaded that they should be included in the out-of-pocket expenses which are reimbursable to *pro bono* counsel.

One premise for awarding costs for computer legal research as part of an attorney fee award is that it "reduces the number of attorney hours spent on the case." *Frevach Land Co. v. Multnomah County*, 2001 WL 34039133, at *34 (D Or Dec. 18, 2001) (citations omitted). Without the benefit of computer legal research, Mr. Jonson would have been required to spend more hours free of charge to assist Gomez in filing an Amended Complaint. To reimburse him for the cost of computer legal research is essentially equivalent to paying him attorney fees.

The Pro Bono Program Procedures are admittedly vague with respect to what out-of-pocket expenses may be reimbursed to *pro bono* counsel, especially for a Specific Purpose Appointment. However, the Court retains full and complete discretion in this area. Despite its great appreciation for the work of Mr. Monson as *pro bono* counsel, allowing reimbursement for the cost of computer legal research, which often can be quite high, is a door that this Court is reluctant to open with its limited resources. Therefore, as a matter of policy, the cost of computer legal research must be borne by *pro bono* counsel and not reimbursed by the Court. However, the copying and postage costs incurred for the specific purpose of filing an Amended Complaint do constitute out-of-pocket expenses which the Court will reimburse.

///

///

///

///

///

///

4 – OPINION AND ORDER

**ORDER**

For the reasons stated, the Motion for Reimbursement of Out-of-Pocket Expenses (docket #43) is GRANTED in part and DENIED in part. Plaintiff's former *pro bono* counsel is entitled to reimbursement for his expenses in the sum of $172.86 (copying costs of $171.80 and postage of $1.06).

DATED  September 23, 2013.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge