UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JORGE R. BLACKMORE GOMEZ,

              Plaintiff,

     v.

MARK H. HARDIE, individually and in his
capacity as Mayor of City of Maywood; and
CITY OF MAYWOOD PARK, a municipal
corporation,

              Defendants.

Case No. 3:13-cv-00161 -ST

OPINION AND ORDER


STEWART, Magistrate Judge:


## INTRODUCTION

Plaintiff, Jorge Blackmore Gomez ("Gomez"), appearing *pro se*, filed this action on

January 29, 2013, against the City of Maywood Park ("Maywood Park"), its Mayor (Mark

Hardie ("Hardie")), three inspectors working for the City of Troutdale (Dick Bohlmann

("Bohlmann"), Bill Woods ("Woods"), and Tom Sheirbon ("Sheirbon")), and two attorneys in

private practice apparently representing the City of Troutdale (Carl F. Jepsen ("Jepsen") and

Nicholas Drum[1] ("Drum")).  The dispute centers around actions taken against Gomez after he began construction activities on his home in Maywood Park.  Gomez, who is Mexican-American, contends that those actions were racially motivated.  In his Amended Complaint (docket #33), filed on July 26, 2013, Gomez alleges claims only against Hardie and Maywood Park.

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #50).   Defendants have filed a Motion for Summary Judgment (docket #51), arguing that Gomez is barred by claim preclusion from alleging any of his claims because he filed a previous lawsuit in state court based on the same set of operative facts.  The court sent Gomez a Summary Judgment Advice Notice on November 12, 2013 (docket #60).

For the reasons set forth below, this court concludes that defendants are correct, grants their motion, and dismisses this action with prejudice.

## STANDARDS

FRCP 56(c) authorizes summary judgment if "no genuine issue" exists regarding any material fact and "the moving party is entitled to judgment as a matter of law."  The moving party must show an absence of an issue of material fact.  *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986).  Once the moving party does so, the nonmoving party must "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial."  *Id* at 324, citing FRCP 56(e).  The court must "not weigh the evidence or determine the truth of the matter, but only determine[] whether there is a genuine issue for trial."  *Balint v. Carson City, Nev.*, 180 F3d

---

[1]  The Oregon State Bar lists both Jepsen and Drum as attorneys in private practice.  At the time of this court's initial review of the case, both attorneys were listed at the same law firm, Warren Allen LLP.  *See* http://www.osbar.org/index.html# (last visited Feb. 4, 2013) (Member Directory search).  Nicholas Drum is now listed at a different law firm, Immix Law Group, PC.  *See* http://www.osbar.org/index.html# (last visited Feb. 18, 2014) (Member Directory search).

1047, 1054 (9th Cir 1999).  A "'*scintilla* of evidence,' or evidence that is 'merely colorable' or

'not significantly probative,'" does not present a genuine issue of material fact.  *United*

*Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F2d 1539, 1542 (9th Cir 1989).  The substantive

law governing a claim or defense determines whether a fact is material.  *Addisu v. Fred Meyer,*

*Inc.*, 198 F3d 1130, 1134 (9th Cir 2000).  The court must view the inferences drawn from the

facts "in the light most favorable to the non-moving party."  *Bravo v. City of Santa Maria*, 665

F3d 1076, 1083 (9th Cir 2011).

## DISCUSSION

### I.  The Two Court Actions

#### A.  Multnomah County Action

On July 27, 2012, Gomez filed a case in Multnomah County Circuit Court, *Gomez v. City*

*of Maywood Park, et al.*, Case No. 1207-09428, alleging claims for:  (1) Trespass to Land;

(2) Tortuous Actions; (3) Association to Commit Tort Violations; (4) Failure to Apply

ORS 455.320; (5) Prohibited Acts ORS 455.450; (6) Agency Neglect to Act; (7) Notice of

Claim; (8) Civil Action for Intimidation; (9) Establish Uniform Performance Standards;

(10) Intentional Infliction of Emotional Distress; (11) Personal Injuries; (12) Property Damages;

and (13) Punitive Damages.  Piscadlo Decl., Ex. 1 ("Multnomah County Complaint").  That

same pleading also incorporated motions to:  (1) Apply Statute of Limitations Due on Facts;

(2) Apply Discovery Rule; (3) Apply Writ [of] Mandamus; and (4) Apply Protective

Proceedings.  *Id*, pp. 8-10.

Gomez's claims in the Multnomah County action are premised upon an unauthorized

entry onto Gomez's property on August 2, 2010, by Maywood Park's Mayor (Hardie) to inspect

construction activities and upon Hardie's advice that Gomez needed to obtain a building permit

from the City of Troutdale.  Gomez alleges that, at the time, the City of Portland was the jurisdiction with authority over building permits for properties located in Maywood Park and that Hardie deliberately ordered Gomez to obtain a permit from the City of Troutdale in order to divert and block his rights to renovate his home.  Multnomah County Complaint, ¶ 4.  Gomez later filed an amended complaint, naming Hardie and three inspectors working for the City of Troutdale (Bohlmann, Woods, and Sheirbon) as additional defendants.  Piscadlo Decl., Ex. 2, ("Multnomah County Amended Complaint"), ¶¶ 4-6.  Gomez alleges that the inspectors installed "Stop Work" signs and ordered him to obtain a building permit from the City of Troutdale, then refused to issue him a building permit, all in "a deliberate and calculated attempt . . . to 'punish' [him] for his activism" and "motivated – in part – by personal animus exacerbated by racial discrimination."  *Id*, ¶ 39.  Based on those initial actions, and on a series of later encounters between Gomez and Hardie at Maywood Park City Council meetings (*id*, ¶¶ 42-45), Gomez alleged claims against Hardie for trespass, abuse of process, intentional infliction of emotional distress, conspiracy, racial discrimination, and interference with economic relations.  *Id*, ¶¶ 25-70.

On January 23, 2013, Multnomah County Circuit Court Judge Kathleen Dailey dismissed each of Gomez's claims, with the exception of the trespass claim.  Gomez Decl. (docket #63), Ex. 3.  Six months later, on June 27, 2013, Multnomah County Circuit Court Judge *Pro Tem* Eric Neiman dismissed the remaining claim which disposed of the entire action.  Piscadlo Decl., Ex. 3 ("General Judgment of Dismissal With Prejudice and With Costs").

## B.  This Action

On January 29, 2013, a week after the hearing before Judge Dailey in the Multnomah County Action, but seven months before the remaining claim for trespass was dismissed, Gomez

filed this federal action.  His initial Complaint alleged claims, among others, against each of the

defendants in the Multnomah County action (City of Maywood Park, Hardie, Bohlmann, Woods,

and Sheirbon), as well as against Jepsen and Drum who apparently represented the City of

Troutdale.  Gomez alleged claims for violation of his First and Fourteenth Amendment rights

under 42 USC § 1983, trespass, breach of fiduciary duties, intentional infliction of emotional

distress, conspiracy, and punitive damages.  This court dismissed that Complaint with leave to

replead and appointed *pro bono* counsel to assist Gomez.  With the assistance of *pro bono*

counsel, Gomez filed an Amended Complaint on July 26, 2013, alleging claims for racial

discrimination and "class of one" discrimination under 42 USC § 1983, against only Hardie and

the City of Maywood Park.

## II.  Claim Preclusion

Defendants contend that Gomez is barred from litigating this case under the doctrine of

claim preclusion.  Defendants are correct.

### A.  Legal Standard

This court must apply Oregon law in determining the preclusive effect of judgments

rendered by Oregon state courts.  *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 US 75, 81

(1984) (citation omitted); *Hiser v. Franklin*, 94 F3d 1287, 1290 (9th Cir 1996).  In considering a

motion premised on claim preclusion:

> the general rule, well established in [Oregon is] that a plaintiff who
> has prosecuted one action against a defendant through to a final
> judgment binding on the parties is barred on *res judicata* grounds
> from prosecuting another action against the same defendant where
> the claim in the second action is one which is based on the same
> factual transaction that was at issue in the first, seeks a remedy
> additional or alternative to the one sought earlier, and is of such a
> nature as could have been joined in the first action.

*Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919, 921 (1982).

"'[C]laim preclusion' . . . formerly known as *res judicata*, prohibits a party from relitigating a cause of action against the same defendant involving the same factual transaction as was litigated in the previous adjudication, if there has been a final judgment in the first action." *Krisor v. Lake Cnty. Fair Bd.*, 256 Or App 190, 193, 302 P3d 455, 457, *rev. denied*, 354 Or 61, 308 P3d 205 (2013). Although "claim preclusion actually encompasses two rules[,] bar and merger," the rule of bar "is the principle most often described by the term 'claim preclusion.' That rule prohibits the parties from splitting claims by requiring plaintiffs to bring all claims arising from the same factual transaction or circumstances in a single action." *Id*, 256 Or App at 194 n2, 302 P3d at 457 n2 (internal quotation marks and citations omitted). Claim preclusion "is broader than issue preclusion in that it may bar litigation of an issue that could have been raised, even if that issue was not actually raised, in an earlier proceeding." *State ex rel. English ex rel. Sellers v. Multnomah Cnty.*, 348 Or 417, 432, 238 P3d 980, 988 (2010) (citation omitted). In sum, "a plaintiff who has brought an action against a defendant and obtained a final judgment in that action is prohibited from later bringing an action against the same defendant based on the same factual transaction or circumstances." *Id* at 432, 238 P3d at 989.

It makes no difference if the first action is filed in state court and the later action is filed in federal court. State court judgments and judicial proceedings are to given the same full faith and credit in all state and federal courts as they have by law in the state from which they are taken. 28 USC § 1738. Thus, just as one Oregon Circuit Court could not ignore or set aside a judgment issued by another Oregon Circuit Court and permit a plaintiff to relitigate his or her case under a slightly different legal theory, neither can this court.

///

///

### B.  **Based on the Undisputed Facts, Gomez's Claims in This Case are Barred**

Gomez does not dispute that the Multnomah County action is premised upon identical facts as the case he filed in this court.  However, he contends that defendants' version of the facts is incomplete and misleading and that additional facts and evidence prevent the application of the doctrine of claim preclusion to bar this action.

First, Gomez points out that the Multnomah County action is currently on appeal before the Oregon Court of Appeals.  Thus, he contends that the state court judgment is not "final" or binding for claim preclusion purposes.  That is not the law in Oregon where "[a] pending appeal does not affect the preclusive effect of a judgment."  *Lee v. Mitchell*, 152 Or App 159, 167 n11, 953 P2d 414, 420 n11 (1998) (citations omitted).

Second, Gomez argues that he did not have a full and fair opportunity to litigate his claims in the Multnomah County action for a variety of reasons, including his contentions that the judge:  (1) did not allow him to submit additional evidence; (2) did not provide him enough time for oral argument; (3) issued the judgment without even identifying his claims; (4) failed to allow him to amend and take the time to review his amendments; and (5) issued the judgment while under a conflict of interest.  Again, these arguments do not assist Gomez in avoiding the bar of claim preclusion.[2]  Assuming having a "full and fair opportunity" to litigate is even

---

[2]  Defendants raise the specter of a jurisdictional flaw in this case due to the *Rooker-Feldman* doctrine.  Gomez's arguments certainly mirror the types of arguments that might be made in a case barred by *Rooker-Feldman*.  However, this is a classic claim preclusion case, not one barred by *Rooker-Feldman*:  "*Rooker-Feldman* does not override or supplant issue and claim preclusion doctrines.  The doctrine applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court.  Preclusion, not *Rooker-Feldman*, applies when a federal plaintiff complains of an injury that was not caused by the state court, but which the state court has previously failed to rectify."  *Henrichs v. Valley View Dev.*, 474 F3d 609, 613-14 (9th Cir 2007) (citations and internal quote marks omitted).  Gomez does not seek to challenge the state court judgment.  Indeed, when he first filed this case, the state court judgment had not yet been entered and nowhere in his amended federal pleading (filed a month after entry of the judgment in the Multnomah County Action) does Gomez seek to have the state court judgment overturned.  Gomez's arguments must be evaluated under the case law interpreting issues of claim preclusion.

relevant when the question is applicability of the doctrine of claim preclusion, as opposed to issue preclusion,[3] the state court proceedings here meet that standard

The Multnomah County Circuit Court held at least two hearings in the Multnomah County action.  After the first of those hearings (on a date unknown to this court), Gomez was provided an opportunity to amend his pleadings to correct identified deficiencies.  At the second hearing, on January 23, 2013, on a Rule 21 motion to dismiss Gomez's Amended Complaint, Judge Dailey declined to allow another opportunity to amend.  Gomez Decl. (docket #63), Ex. 3, p. 3.  After reading the correspondence between the parties and considering the motion, she dismissed all claims except Gomez's trespass claim.  *Id*, p. 5.  Gomez's last claim for trespass was dismissed about six months later, and the record before this court does not reveal the nature of the proceedings that occurred between Judge Dailey's order and the General Judgment of Dismissal on June 27, 2013.  Piscadlo Decl., Ex. 3.  Gomez quibbles with the length of the hearing before Judge Dailey, takes issue with her decision to disallow further amendment of the pleadings, and cites her failure to "identify his claims."  However, Gomez cites no authority for the proposition that those circumstances constitute a basis to avoid the bar of claim preclusion when it is undisputed that the claims in the second case are grounded on the exact same set of operative facts as the claims in the first proceeding.

---

[3] Gomez appears to confuse issue preclusion with claim preclusion.  Issue preclusion applies when an "issue of ultimate fact has been determined by a valid and final determination in a prior proceeding" and requires that the issue in the two proceedings be "actually litigated," and "essential to a final decision on the merits." *Barackman v. Anderson*, 338 Or 365, 368, 109 P3d 370, 373 (2005), quoting *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 103, 862 P2d 1293, 1296 (1993).  The party sought to be precluded must have been given a "full and fair opportunity to be heard on that issue." *Id*, quoting *Nelson*, 318 Or at 104, 862 P2d at 1297.  In contrast, claim preclusion does not require actual litigation of an issue of law or fact, but instead requires only an "opportunity" to litigate, which then bars "all rights or remedies between the parties with respect to all or any part of a transaction, or series of connected transactions, out of which the action arose." *Drews v. EBI Cos.*, 310 Or 134, 140, 147, 795 P2d 531, 535, 539 (1990); *see also Hiser*, 94 F3d at 1290 ("Claim preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.").  Both of the cases relied on by Gomez to incorporate a "full and fair opportunity to litigate" requirement involved issue preclusion, rather than claim preclusion, and one case specifically noted that it did "not involve the question whether a § 1983 claimant can litigate in federal court an issue he might have raised but did not raise in previous litigation." *Allen v. McCurry*, 449 US 90, 94 n5 (1980); *see also Jarosz v. Palmer*, 49 Mass App Ct 834, 836, 733 NE2d 164, 167 (2000).

Even claims not litigated in the prior action can be barred by claim preclusion.  "Under the expansive 'transactional approach,' which is endorsed by federal and Oregon precedents alike, claim preclusion bars not only claims that have actually been litigated, but any claim arising out of the same transaction or series of connected transactions." *Aguirre v. Albertson's Inc.*, 201 Or App 31, 47, 117 P3d 1012, 1022 (2005) (citations omitted).  Rather than requiring actual litigation, only the "*opportunity* to litigate is required, whether or not it is used.  Finality is also required.  Where there is an opportunity to litigate the question along the road to the final determination of the action or proceeding, neither party may later litigate the subject or question." *Drews v. EBI Cos.*, 310 Or 134, 140, 795 P2d 531, 535 (1990) (emphasis added). This court knows of no authority for the proposition that dismissal of claims following  an initial hearing, at least one opportunity to amend to cure deficiencies, and further proceedings and eventual dismissal of the one remaining claim is so deficient as to disallow application of the claim preclusion doctrine.

Gomez also complains that *pro tem* Judge Neiman had a conflict of interest due to "mutual clients" with defendants' counsel.  However, he presents no evidence supporting this assertion.  Moreover, *pro tem* Judge Neiman is a duly sworn judge authorized by the Oregon Supreme Court to hear motions for summary judgment.  If Gomez had concerns about *pro tem* Judge Neiman being assigned to his case, he could have filed an affidavit of prejudice before the hearing or moved for another judge.  ORS 14.250; ORS 14.260.  Not having done so, he cannot now assert prejudice.  *Stronach v. Ellingsen*, 108 Or App 37, 41, 814 P2d 175, 177 (1991).

Finally, Gomez contends that he has "new evidence" and expects to acquire more conclusive evidence through discovery.  In his Response (docket #62, p. 11), Gomez does not identify the nature of this new evidence and defendants contend it must relate to the evidence

Gomez sought in the Motion to Compel he filed in October 2013 (docket #55).  In that motion, Gomez sought information from building applications filed by Maywood Park residents between May 2010 and October 2011.  According to defendants, this is not new evidence, but instead is a series of printouts from the Portland Maps website which has been accessible for many years. Gomez contends that this evidence supports his claim that the City of Portland was reviewing building permits for Maywood Park residents in August 2010 and that defendants intentionally misdirected him to apply with the City of Troutdale.  The mere fact that Gomez has obtained evidence to support his allegations does not mean that the two lawsuits are based on different factual transactions.  Accordingly, this evidence does not assist Gomez in avoiding the bar of claim preclusion.

Although the claims alleged in this case must be dismissed, Gomez is not barred from filing any claims that he may have arising out of different facts and conduct that may have occurred after the facts and conduct alleged in the Multnomah County action.  *Lucas v. Lake Cnty.*, 253 Or App 39, 289 P3d 329 (2012) (allowing blacklisting claim which did not arise out of the same transaction as the defamation claim in a prior federal action).  For example, if he has suffered racial discrimination in some other way, then the courthouse is open for him to pursue that claim.

## ORDER

For the reasons set forth above, defendants' Motion for Summary Judgment (docket #51) is GRANTED.

DATED  February 19, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge